Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
6350 East Thomas Road, Suite 330
Scottsdale, Arizona 85251
Telephone: (480) 296-7887
Facsimile: (480) 429-3679
Email: cliffordbendau@bendaulaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Alec Marsh,<br><br>             Plaintiff,<br><br>vs.<br><br>J. Alexander's LLC,<br><br>             Defendant. | No. _____<br><br>**COMPLAINT** |

COMES NOW the Plaintiff, Alec Marsh ("Plaintiff"), individually, and by and through the undersigned attorney and sues the Defendant, J. Alexander's LLC ("Defendant"), and alleges as follows:

1. At all material times hereto, Plaintiff is an individual residing in Maricopa County, Arizona.

2. At all material times hereto, Defendant was a corporation duly licensed to transact business in the State of Arizona, Maricopa County.

3. Plaintiff had been an hourly employee for Defendant in Phoenix, Arizona for approximately 1 year, five month. Plaintiff was hired on approximately December 2, 2011 and ceased employment with Defendant on or about April 14, 2013.

-1-

4. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.*

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

## BACKGROUND

7. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay their employees a minimum wage. See 29 U.S.C. § 206(a) ("Section 6(a)"). The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips against its minimum wage obligation, a practice commonly referred to as taking a "tip credit." See id. § 203(m).

## NATURE OF THE CLAIM

8. Defendant is the owner of J. Alexander's, a chain of restaurants located throughout the United States.

9. Plaintiff was employed as a server by Defendant, a Tipped employee as defined by the FLSA at 29 U.S.C. § 203, from approximately on or about December 2, 2011 through on or about April 14, 2013.

10. Rather than pay its tipped employees the applicable state minimum wage, for the time Plaintiff was paid an hourly wage, Defendant imposed a tip credit upon Plaintiff at below the applicable minimum wage.

11. As a result of Defendant's imposition of a tip credit, Plaintiff was forced to perform minimum wage work at an hourly rate that was less than minimum wage.

12. In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped work related to his tipped occupation in excess of twenty percent of shift times for which Plaintiff was paid at the reduced tip credit rate, in willful violation by Defendant of the FLSA.

13. In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped work unrelated to his tipped occupation, for which Plaintiff was paid at the reduced tip credit rate, in willful violation by Defendant of the FLSA.

14. As a result, Plaintiff is entitled to at least the applicable minimum wage for such time worked, without applying the tip credit.

15. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of Defendant.

17. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

18. Although at this stage, Plaintiff is unable to state the exact amount owed, Plaintiff believes that such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

## COUNT I
## FAIR LABOR STANDARDS ACT: MINIMUM WAGE

19. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

20. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

21. Plaintiff brings this action as a former hourly employee of Defendant, who willfully refused to pay a wage to Plaintiff during Plaintiff's employment.

22. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

23. In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped work related to his tipped occupation in excess of twenty percent of shift times, for which Plaintiff was paid at the reduced tip credit rate, in willful violation by Defendant of the FLSA. This occurred before, during, and after scheduled shifts. As such, full minimum wage for such time is owed to Plaintiff.

-4-

24. Examples of non-tipped work related to Plaintiff's tipped occupation Plaintiff performed include, but are not limited to: preparatory and workplace maintenance tasks such as maintaining "backups," restocking supplies, stocking ice, stocking food/condiments, stocking liquor, brewing tea, brewing coffee, running food to tables for other servers, wiping down/washing trays, stocking lemonade mix, cleaning the dessert area, cleaning soft drink dispenser nozzles, replacing syrup for the soda machine, stocking to-go supplies, and cutting/stocking fruit.

25. In addition to tipped work, Defendant regularly and consistently required Plaintiff to perform non-tipped work unrelated to his tipped occupation, for which Plaintiff was paid at the reduced tip credit rate, in willful violation by Defendant of the FLSA. This occurred before, during, and after scheduled shifts. As such, full minimum wage for such time is owed to Plaintiff.

26. Examples of non-tipped, "dual occupation," labor unrelated to Plaintiff's tipped occupation Plaintiff performed include, but are not limited to: sweeping floors, scrubbing walls, scrubbing floors, dusting, cleaning and polishing ramekins, cleaning menus, washing trays, taking out trash, washing dishes, and dusting.

27. Defendant regularly and consistently required Plaintiff to perform non-tipped labor related to his tipped occupation, and non-tipped labor unrelated to his tipped occupation, before the restaurant was open to customers, after it was closed to customers, before serving his first table, after being "cut" from serving his last table, between lunch and dinner shifts, and while serving tables.

28. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the full minimum wage for time spent performing non-tipped labor, without applying the tip credit, would violate federal and state law, and Defendant was aware of the FLSA minimum wage requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA.

29. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing non-tipped labor related to his tipped occupation in excess of 20 percent of his shift times.

30. Defendant has and continues to willfully violate the FLSA by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing non-tipped labor unrelated to his tipped occupation.

31. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

32. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

33. Plaintiff is therefore entitled to compensation for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

**WHEREFORE**, Plaintiff, Alec Marsh, individually, requests that this Court enter Judgment against Defendant, J. Alexander's LLC, for the difference between wages paid and Arizona's minimum wage at an hourly rate, to be proven at trial, plus an additional

equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorney fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 14th Day of May, 2014.

                THE BENDAU LAW FIRM, PLLC

                By: /s/ *Clifford P. Bendau, II*
                Clifford P. Bendau, II
                Attorney for Plaintiff